TILLMAN PEARSON, Judge
(dissenting)-
I must respectfully dissent from the conclusion reached by the majority because it seems to me that a new trial is not justified under the facts of this case. I am afraid that it allows an agent for the defendant to secure a new trial for that defendant by merely “muddying the waters” upon the subject of the jury’s deliberations. I would therefore attempt to distinguish the facts in this case from those reported in Jackson Grain Co. v. Hoskins, Fla.1954, 75 So.2d 306, which is the basis for the present decision.
In Jackson Grain Co., the Supreme Court had before it a situation different from the instant case in several particulars. In the cited case: (1) Five jurors had participated in the average and the sixth refused to participate; (2) no poll of the jurors was conducted; (3) the juror who offered no figure at all deposed a few days after the trial that there was an agreement before the computation was made that the quotient amount would constitute the verdict.
These differences are substantial and I would limit the holding in Jackson Grain Co. to an instance where there is a conflict in the evidence as to whether there was an agreement to be bound by the average reached. Such was not the situation in the instant case because although the adjustor-prepared affidavits did so state, the testimony of the jurors under questioning before the court clearly negatives this essential element.
The writer is impressed with the reasoning contained in the dissent of Mr. Justice Drew in Jackson Grain Co. v. Hoskins, supra. Particularly, the concluding paragraph bears repetition:
“Untold harm would be done to the jury system if we were to hold that a verdict rendered in the manner in which this verdict was rendered was illegal and void. It would completely hamstring the jurors in their deliberations. It would subject jurors to such constant harassment and embarrassment that it would be even more difficult than it is now to procure competent and able jurors in the trials of civil *757 and criminal cases. Moreover, if, after every trial, jurors are going to be followed around with investigators and others seeking affidavits, as was done in this case, when the going gets tough in the jury room it will be a natural inclination for all to agree on a verdict for the defendant and thus avoid any aftermath.” 75 So.2d at 311.
I would reverse the order granting a new trial with directions to reinstate the judgment for the plaintiff.